J. Joseph KENNEDY et al.,
Plaintiffs-Appellees,

v.

PLAZA PONTIAC, INC., et al.,
Defendants-Appellants.

William REED et al., Plaintiffs-Appellees,
Cross-Appellants,

v.

LEWIS WELCH OLDSMOBILE, INC., et
al., Defendants-Appellants,
Cross-Appellees.

Gwendolyn HICKS, Plaintiff-Appellee,

v.

GENERAL MOTORS ACCEPTANCE
CORPORATION,
Defendant-Appellant.

Nos. 75–4397, 75–4408 and 76–1158.

United States Court of Appeals,
Fifth Circuit.

Feb. 1, 1979.

Harold B. Thompson, Decatur, Ga., for Plaza Pontiac.

R. Byron Attridge, Nolan C. Leake, Atlanta, Ga., Frazier F. Hilder, Detroit, Mich., for General Motors Acceptance Corp.

E. H. Stanford, East Point, Ga., for Lewis Welch Oldsmobile, Inc.

G. W. Florence, Jr., Atlanta, Ga., for J. Joseph Kennedy et al.

E. Lundy Baety, Atlanta, Ga., for William Reed, Gwendolyn Hicks et al.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion December 15, 1976, 5 Cir.,
1976, 544 F.2d 516.)

Before COLEMAN and GEE, Circuit Judges.[*]

PER CURIAM:

At the time of our decision herein, we overlooked the fact that the law of this circuit was represented by the then recent decision in *Martin v. Commercial Securities Co.*, 539 F.2d 521 (5th Cir. 1976). The rule of that case is that neither an acceleration clause nor the lender's rebate policy upon acceleration are required disclosures under the Truth in Lending Act. Our affirmance of the judgments below in these cases, judgments which grounded liability in the lenders for failure to disclose these matters, was therefore erroneous and must be set aside.[1]

---

[*] Judge Goldberg did not participate in the disposition of this matter. It has been decided by a quorum of the Court which agrees unanimously thereto, see 28 U.S.C. § 46.

[1]. Since our decision, the *Martin* rule has been modified by our court en banc to require disclosure of rebate provisions on acceleration where the creditor does not rebate unearned finance charges in accordance with disclosed provisions for rebate upon prepayment. *McDaniel v. Fulton National Bank*, 571 F.2d 948 (5th 1978). And though the *McDaniel* decision en banc was made generally prospective, the ef-

In the second of these cases, No. 75–4408, *Reed v. Lewis Welch Oldsmobile, Inc., et al.,* various claims of violations were made in addition to failure to disclose the right to accelerate. All these were correctly decided against the borrower, we conclude, and liability was grounded solely on a failure adequately to disclose the right to accelerate the unpaid balance upon default. We therefore reverse that judgment and here render judgment for the defendants in that case.

In the other two cases, additional claims of inadequate disclosure were made which the courts below did not reach in view of their determinations that the failures to disclose the right to accelerate sufficed for liability. We conclude that these cases must be remanded for consideration by the district court of these other claims, since liability in those cases cannot be founded on the lenders' failure to disclose the right to accelerate upon default.

It is so ORDERED.

fect on these litigants appears to be the same under our present disposition as under the *McDaniel* rule since the rebate policy on prepayment was properly disclosed and is applied in the event of acceleration.